## HATFIELD v. WARDEN OF STATE PRISON OF SOUTHERN MICHIGAN.

No. 8951.

United States District Court
E. D. Michigan, S. D.

Feb. 15, 1950.

Charles D. Hatfield, in pro per.

Stephen J. Roth, Atty. Gen., and Walter H. Taylor, Asst. Atty. Gen., for respondent.

LEDERLE, Chief Judge.

On February 10, 1950, Charles D. Hatfield filed herein his petition requesting the issuance of a writ of habeas corpus to inquire into the legality of his detention by the Warden of the State Prison of Southern Michigan under judgment of the Circuit Court for the County of St. Joseph, Michigan, upon conviction for a murder committed in said county. An examination of this petition discloses that petitioner's sole complaint is one which is currently popular in petitions for habeas corpus emanating from the State Prison of Southern Michigan, namely, that instead of being legally extradited from the State of Texas to the State of Michigan to answer such charges, he was, in effect, kidnapped and transported against his will from Texas to Michigan by Michigan State Police officers. Other than a letter of inquiry to state authorities as to the existence of extradition papers and the state's reply that the records showed that petitioner had waived extradition, the petition does not show that the petitioner has taken any steps or proceedings to secure a review of such judgment by the Michigan state courts, nor that exceptional circumstances of peculiar urgency exist. There are in Michigan available state corrective processes to secure such review, by motion for a new trial, appeal, delayed appeal and habeas corpus. The petition makes no claim or showing of the existence of any circumstances rendering such processes ineffective to protect the rights of the petitioner, and this court knows of no such circumstances. The petition failing to show that petitioner has exhausted his remedies available in the Michigan state courts, this court should refuse to grant a writ of habeas corpus for the reason that the petition is at least procedurally premature. See: 28 U.S.C.A. § 2254, reading:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

692

■ As to the merits of the petition, it appears therefrom that the court which imposed the sentence had jurisdiction of the offense, had jurisdiction of the person of the defendant, and the sentence was within the power of the court to impose; and the sole complaint, that he was not extradited in a legal fashion, even if true, is not one upon which this court could order petitioner's release under a writ of habeas corpus. It is well settled that where a person accused of a crime is found within the territorial jurisdiction wherein he is so charged, and is held under process legally issued from a court of that jurisdiction, neither the jurisdiction of the court nor the right to put him on trial for the offense charged is impaired by the manner in which he was brought from another jurisdiction, whether by kidnapping, illegal arrest, abduction, or irregular extradition proceedings, and Federal statutory or constitutional provisions are not violated by reason of the illegal means adopted in bringing an accused within a jurisdiction where he is then held under proper process, and, specifically, the trial of a person brought into a state by forcible abduction is not a violation of the provisions of the Federal Constitution prohibiting the deprivation of life, liberty, or property without due process of law. Amendment 14. See: Ker v. Illinois, 1886, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421; Mahon v. Justice, 1888, 127 U.S. 700, 8 S.Ct. 1204, 32 L.Ed. 283; Pettibone v. Nichols, 1906, 203 U.S. 192, 27 S.Ct. 111, 51 L.Ed. 148, 7 Ann.Cas. 1047; Robinson v. United States, 6 Cir., 1944, 144 F.2d 392, certiorari denied 323 U.S. 789, 65 S.Ct. 311, 89 L.Ed. 629, rehearing and certiorari granted 323 U.S. 808, 65 S.Ct. 552, 89 L.Ed. 644, affirmed 324 U.S. 282, 65 S.Ct. 666, 89 L.Ed. 944, rehearing denied 324 U.S. 889, 65 S.Ct. 910, 89 L.Ed. 1437, rehearing denied 325 U.S. 895, 65 S.Ct. 1401, 89 L.Ed. 2006, motion denied 326 U.S. 807, 66 S.Ct. 86, 90 L.Ed. 491; Sheehan v. Huff, 1944, 78 App.D.C. 391, 142 F.2d 81, certiorari denied 322 U.S. 764, 64 S.Ct. 1287, 88 L.Ed. 1591; and Jackson v. Olson, 1946, 146 Neb. 885, 22 N.W.2d 124, 165 A.L.R. 932, followed by an extensive annotation commencing at page 947.

Accordingly, it is ordered that the petition is denied and dismissed because it appears therefrom that the petitioner is not entitled to the writ for the reasons (1) that petitioner has not exhausted his remedies available in the Michigan state courts, and (2) the allegations of the petition, even if true, would not invalidate the judgment or entitle the petitioner to a release.